UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHRISTOPHER BROWN,

Plaintiff,

v.

CITY OF CHAMBLEE,

Defendant.

CIVIL ACTION NO.
1:25-CV-05110-JPB

**ORDER**

This matter is before the Court on the City of Chamblee's ("Defendant") Motion for Summary Judgment [Doc. 16]. This Court finds as follows:

**PROCEDURAL HISTORY**

Alleging that his civil rights were violated when he was placed in the back of a patrol vehicle during the summer, Christopher Brown ("Plaintiff") filed this action against Defendant on September 8, 2025. [Doc. 1]. In his Complaint, Plaintiff asserted two causes of action under 42 U.S.C. § 1983: (1) excessive force in violation of the Fourth and Fourteenth Amendments; and (2) cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments. Plaintiff also asserted state law claims for negligence, negligent infliction of emotional distress and punitive damages. On April 15, 2026, Defendant filed the instant Motion for Summary Judgment. [Doc. 16]. The motion is now ripe for review.

## STATEMENT OF FACTS

The Court derives the facts of this case, which are fairly limited, from Defendant's Statement of Undisputed Material Facts [Doc. 16-3], Plaintiff's Response to Defendant's Statement of Undisputed Material Facts and Statement of Relevant Facts [Doc. 18] and Defendant's Response to Plaintiff's Statement of Relevant Facts [Doc. 20].

As an initial matter, the Court notes that neither Plaintiff's Response to Defendant's Statement of Material Facts nor his Statement of Relevant Facts complies with the Local Rules. The Local Rules provide that the Court

> will deem each of the movant's facts as admitted unless the respondent: (i) directly refutes the movant's fact with concise responses supported by specific citations to evidence (including page or paragraph number); (ii) states a valid objection to the admissibility of the movant's fact; or (iii) points out that the movant's citation does not support the movant's fact or that the movant's fact is not material or otherwise has failed to comply with the provisions set out in LR 56.1(B)(1).

LR 56.1(B)(2)(a)(2), NDGa. The Local Rules also state that "[t]he response that a party has insufficient knowledge to admit or deny is not an acceptable response." LR 56.1(B)(2)(a)(4), NDGa. Here, Plaintiff denied several of the facts but failed to support the denial with specific citations to evidence. [Doc. 18, pp. 3–5]. Indeed, Plaintiff failed to cite to any evidence at all in his briefing.

As to a statement of additional material facts, the Local Rules state that each material fact must be numbered separately and supported by a citation to evidence. LR 56.1(B)(1). Moreover, the Local Rules provide that "the Court will not consider any fact . . . supported by a citation to a pleading rather than evidence." Id. Plaintiff's relevant facts are not numbered separately. [Doc. 18, p. 5]. They are also not supported by any evidence. Id. Instead, each fact merely references Plaintiff's Complaint. Id.

The facts of this case are as follows: On September 8, 2023, Chamblee Police Officer Dexter Hawkins responded to a customer dispute at Ed Voyles Acura ("Ed Voyles"). [Doc. 16-3, p. 1]. Because Plaintiff had previously been disruptive at Ed Voyles, a manager at Ed Voyles asked Officer Hawkins to issue Plaintiff a criminal trespass warning and remove him from the premises. Id. at 2. When Officer Hawkins spoke with Plaintiff about the criminal trespass warning, Plaintiff was not cooperative in answering questions and became "increasingly agitated, spewing insults and derogatory language." Id. at 3. Officer Hawkins thus arrested Plaintiff for Obstruction of a Law Enforcement Officer. Id. at 4. To effectuate the arrest, Officer Hawkins handcuffed Plaintiff and placed him in the back of his patrol vehicle. Id. Officer Hawkins readjusted the handcuffs several times after Plaintiff complained that they were too tight and the air conditioner in

the vehicle remained on for the duration of the time that Plaintiff was sitting in the patrol car.[1] Id.

Approximately forty minutes after Officer Hawkins placed Plaintiff in the patrol car, Plaintiff asked Officer Hawkins for water and advised Officer Hawkins that he felt like his heart was pounding. Id. at 5. Officer Hawkins immediately provided Plaintiff with a bottle of water and helped him drink it. Id. Another officer then took Plaintiff out of the patrol car, removed the handcuffs and escorted Plaintiff to the shade. Id. at 6. Pursuant to his request for medical assistance, Plaintiff was subsequently transported to Northside Hospital. Id.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A material fact is any fact that "is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). A genuine dispute exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Ultimately, "[t]he basic issue

[1] The Court notes that Plaintiff "denied" the fact that the air conditioner remained on. Plaintiff, however, did not support the denial with a citation to any evidence.

before the court on a motion for summary judgment is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Allen, 121 F.3d at 646 (citation omitted).

The party moving for summary judgment bears the initial burden of showing that no genuine issue exists as to any material fact, "and in deciding whether the movant has met this burden[,] the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party." Id. After the movant satisfies this initial burden, the nonmovant must identify specific facts demonstrating that summary judgment is improper because a material issue of fact does exist. Id. However, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted). If the record taken as a whole cannot lead "a rational trier of fact to find for the non-moving party, there is 'no genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted).

## DISCUSSION

As previously stated, Plaintiff asserted both federal and state law claims against Defendant. The Court first addresses whether Defendant is entitled to summary judgment as to the federal claims.

### A. Federal Claims Under 42 U.S.C. § 1983

Plaintiff brought two federal constitutional claims against Defendant—one for excessive force and one for cruel and unusual punishment. To hold Defendant liable for either alleged constitutional violation under 42 U.S.C. § 1983, Plaintiff must establish municipal liability. The Supreme Court of the United States "has placed strict limitations on municipal liability." Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998). Notably, "[t]here is no respondeat superior liability making a municipality liable for the wrongful actions of its police officers." Id. "Instead, a municipality may be held liable for the actions of a police officer only when municipal 'official policy' causes a constitutional violation." Id. Thus, to impose § 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation. McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004).

Defendant contends, among other things, that it is entitled to summary judgment because Plaintiff failed to show that Defendant had a policy or custom that caused his alleged injury.[2] The Court agrees. In his Complaint, Plaintiff alleged that "Defendant's police department policies encouraged or condoned the actions of the law enforcement agent." [Doc. 1, p. 5]. But the summary-judgment record contains no evidence of any such policy. Indeed, Plaintiff has "pointed to no written custom or policy of [Defendant], such as a training or personnel policy, or an unwritten practice that is so widespread and so permanent and well settled as to constitute a custom or use with the force of law to support this municipal claim." Childress v. Walker, 943 F. Supp. 2d 1332, 1351–52 (M.D. Ala. 2013) (citation modified). Because Plaintiff has identified no evidence of a policy or custom that caused his alleged injury, Defendant is entitled to summary judgment on this theory of municipal liability.

In response to Defendant's Motion for Summary Judgment, Plaintiff appears to advance a different theory of municipal liability. Although not alleged in his Complaint,[3] Plaintiff now argues that Defendant failed to adequately train its

---

[2] Defendant also argued that Plaintiff failed to show that his constitutional rights were violated. Because the policy or custom issue is dispositive, the Court need not address whether there was a constitutional violation.

[3] It is well settled that a plaintiff cannot effectively amend his complaint in response to a motion for summary judgment. White v. Beltram Edge Tool Supply, Inc., 789 F.3d

officers on how to handle "restrained individuals confined in police vehicles during extreme heat." [Doc. 18, p. 10]. The Court recognizes that inadequate training and supervision can establish municipal liability when the "failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." Gold, 151 F.3d at 1350 (citation modified). To establish deliberate indifference, "a plaintiff must present some evidence that the municipality knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action." Id. Particularly relevant here, "[a] plaintiff cannot rely on the actions of police officers during a single incident of alleged unconstitutional conduct to establish deliberate indifference." Childress, 943 F. Supp. 2d at 1352. Instead, a plaintiff generally must show evidence of widespread prior abuse which would put the municipality on notice of the need for improved training or supervision. Gold, 151 F.3d at 1350. Ultimately, "[a]bsent evidence of prior incidents or abuse, a municipality cannot have been deliberately indifferent to the need to train or supervise in a particular area unless the need was obvious and the likelihood of a constitutional violation was highly predictable." Childress, 943 F. Supp. 2d at 1352.

---

1188, 1200 (11th Cir. 2015) ("A plaintiff may not amend [his] complaint through argument in a brief opposing summary judgment."). The Court will nevertheless consider, in an abundance of caution, Plaintiff's new theory of liability.

Here, Plaintiff failed to present any evidence that Defendant was deliberately indifferent to the need to train or supervise its officers regarding the detention of individuals in police vehicles. Importantly, the record contains no evidence of prior constitutional violations that would have placed Defendant on notice of the need to provide additional training. At most, the record in this case establishes a single incident in which Plaintiff was detained in a patrol vehicle for approximately forty minutes. Plaintiff's conclusory assertion that Defendant failed to properly train its officers, without providing any supporting evidence, is insufficient to establish municipal liability. Accordingly, Defendant is entitled to summary judgment on Plaintiff's failure-to-train theory of municipal liability.

In sum, Plaintiff has not shown the existence of a policy or custom that caused any alleged injury in this case, nor has he presented evidence that Defendant was deliberately indifferent to a need to train or supervise its officers regarding the detention of individuals in police vehicles. Thus, Defendant's Motion for Summary Judgment is **GRANTED** as to Plaintiff's federal municipal liability claims.

**B. <u>State Law Claims</u>**

Plaintiff brings several state law claims in this case, including claims for negligence, negligent infliction of emotional distress and punitive damages. These

causes of action are before the Court pursuant to the Court's supplemental jurisdiction. In accordance with 28 U.S.C. § 1367(c)(3), district courts may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction." In assessing whether to retain supplemental jurisdiction, a court should consider the following factors: judicial economy, convenience, fairness and comity. West v. City of Albany, 830 F. App'x 588, 597 (11th Cir. 2020). Notably, the Eleventh Circuit Court of Appeals has stated that in the usual case where all federal claims are dismissed before trial, the balance of the factors "will point toward declining to exercise jurisdiction over the remaining state-law claims." Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1296 (11th Cir. 2018). The Eleventh Circuit has even "encouraged district courts to dismiss any remaining state claims when . . . the federal claims have been dismissed prior to trial." Raney v. Allstate Ins. Co., 370 F.3d 1086, 1088 (11th Cir. 2004).

In considering the first three factors (convenience, fairness and judicial economy), it is important to recognize that the federal claims are being dismissed prior to trial. If the Court were to decline to exercise jurisdiction now, inconvenience or unfairness to the parties would be virtually non-existent because the parties will not need to expend substantial additional resources to refile the

matter in state court or refile a dispositive motion as to the state court claims. As to the comity factor, the Court notes that "[r]esolution of [a plaintiff's] state law claims depends on determinations of state law. State courts, not federal courts, should be the final arbiters of state law." Baggett v. First Nat'l Bank of Gainesville, 117 F.3d 1342, 1353 (11th Cir. 1997). This principle—that Georgia state law claims are best resolved by Georgia courts—"is especially true . . . where the Court is dismissing [a plaintiff's] federal law claim[s] prior to trial." Id. The comity consideration thus "decidedly weighs in favor of dismissal." Estate of Owens v. GEO Grp., 660 F. App'x 763, 775 (11th Cir. 2016).

After considering the factors, the Court declines to exercise supplemental jurisdiction over the remaining claims. Plaintiff's state-law claims are thus **DISMISSED WITHOUT PREJUDICE**.[4] See Harris-Billups v. Anderson, 555 F. Supp. 3d 1328, 1343–44 (N.D. Ga. 2021) (declining to exercise supplemental jurisdiction over state law claims after finding that a police officer was entitled to qualified immunity).

---

[4] "When a court decides not to exercise supplemental jurisdiction under § 1367(c)(3) because only state claims remain, the proper action is a dismissal without prejudice so that the complaining party may pursue the claim in state court." Ingram v. Sch. Bd. of Mia.-Dade Cnty., 167 F. App'x 107, 109 (11th Cir. 2006).

## CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgment [Doc. 16] is **GRANTED IN PART**. The federal claims are **DISMISSED WITH PREJUDICE**, and the state claims are **DISMISSED WITHOUT PREJUDICE**. The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 2nd day of October, 2026.

**J. P. BOULEE**
United States District Judge